IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
EASTERN DIVISION

| | | |
|---|---|---|
| LINDA CARTER NELSON, individually and as Administratrix of the Estate of Frank G. Nelson, Deceased,<br><br>        Plaintiff,<br><br>    v.<br><br>GROUP ACCIDENT INSURANCE PLAN, EMPLOYEE BENEFITS PLAN FOR SOUTHERN COMPANY SERVICES, INC., & ASSOCIATED OR AFFILIATED COMPANIES, *et al.*,<br><br>        Defendants. | )<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>)<br>) | CASE NO. 3:13-CV-234-WKW<br>[WO] |

## <u>MEMORANDUM OPINION AND ORDER</u>

This is an action to recover benefits under a plan governed by the Employment Retirement Income Security Act of 1974 ("ERISA"), 29 U.S.C. §§ 1001–1191. National Union Fire Insurance Company of Pittsburgh ("National Union") filed a motion to dismiss pursuant to Federal Rule of Civil Procedure 12(b)(6) on grounds that it is not the plan administrator. (Doc. # 25.)  Plaintiff filed a response in opposition (Doc. # 27) to which National Union filed a reply (Doc. # 33).  Because the parties submit evidence in support of their opposing positions, the court treats National Union's Rule 12(b)(6) motion as a motion for summary judgment under

Federal Rule of Civil Procedure 56.  For the reasons to follow, the motion for summary judgment is due to be granted.

## I.  JURISDICTION AND VENUE

The court exercises subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1441(a).  The parties do not contest personal jurisdiction or venue.

## II.  STANDARD OF REVIEW

"If, on a motion under Rule 12(b)(6) . . . , matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56."  Fed. R. Civ. P. 12(d).  To succeed on summary judgment, the movant must demonstrate "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law."  Fed. R. Civ. P. 56(a).  On a Rule 56 motion, the court views the evidence and the inferences from that evidence in the light most favorable to the nonmovant.  *Jean-Baptiste v. Gutierrez*, 627 F.3d 816, 820 (11th Cir. 2010).

The party moving for summary judgment "always bears the initial responsibility of informing the district court of the basis for its motion."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986).  This responsibility includes identifying the portions of the record illustrating the absence of a genuine dispute of material fact. *Id.* If the movant meets its evidentiary burden, the burden shifts to the nonmoving party to establish –

2

with evidence beyond the pleadings – that a genuine dispute material to each of its claims for relief exists.  *Id.* at 324.

## III.  BACKGROUND

Plaintiff Linda Nelson is the widow of Frank G. Nelson, who died while employed by Southern Company Services, Inc. ("SCS").   Mrs. Nelson, as administratrix of Mr. Nelson's estate, brings this lawsuit for payment of benefits that she contends were wrongfully withheld in violation of ERISA.   Defendants are (1) Group Accident Insurance Plan, Employee Benefit Plan for SCS and Associated or Affiliated Companies, (2) American General Life Insurance Company of Delaware ("American General"),[1] (3) Chartis Claims, Inc. ("Chartis"), and (4) National Union.

American General issued a Group Accident Insurance Policy, Number PAI 8063708 ("Policy"), to SCS to insure the accidental death and dismemberment portion of SCS's employment welfare plan ("the Plan").   The Policy provided coverage to SCS employees participating in the Plan.   Mr. Nelson was a participant in the Plan and paid all required premiums.

Mr. Nelson died on February 6, 2011, and Mrs. Nelson is his surviving spouse. As the designated beneficiary under the Policy, Mrs. Nelson submitted a claim on May 9, 2011, asserting that Mr. Nelson died from an injury as defined by the terms

---

[1] American General formerly was AIG Life Insurance Company.

of the Policy.   She submitted her claim to Chartis, which had "express[ ] authoriz[ation]" from American General "to administer" Mrs. Nelson's claim.  (Am. Compl. ¶ 16 (Doc. # 10); *see also* American General & Chartis's Answer ¶ 16 (Doc. # 23) (admitting the allegations in ¶ 16 of the Amended Complaint).)

The Policy contains a provision requiring timely payment of benefits for covered losses.  Specifically, the Policy provides that the insurer will pay benefits for a loss immediately upon written proof; however, if the insurer requires additional documentation to process the claim, it will notify the insured within fifteen days. After the insured has provided all the necessary documentation relevant to the claim, the insurer will have fifteen working days to "process and either pay the claim or deny it."  (Policy 7.)

As permitted under the Policy, Chartis requested additional information from Mrs. Nelson regarding her claim under the Policy.  Mrs. Nelson complied, and Chartis acknowledged receipt of all necessary information with respect to Mrs. Nelson's claim in a letter dated August 30, 2011.  Contrary to the terms of the Policy, however, Mrs. Nelson's claim remained pending for nine months.  In a letter dated May 3, 2012, Chartis denied Mrs. Nelson's claim.  Mrs. Nelson appealed the denial of the claim on June 22, 2012, and  Chartis acknowledged receipt of the appeal in a letter dated June 25, 2012.

4

Both the May 3 letter documenting the initial denial of Mrs. Nelson's claim and the June 25 letter acknowledging Mrs. Nelson's appeal of that denial were, according to the letterhead, from "Chartis, on behalf of National Union Fire Insurance Company of Pittsburgh, PA." (Clark's Aff. ¶¶ 3–5 & Exs. (Doc. # 2-1).) Additionally, the May 3 letter instructed that any appeal from the denial of the claim should be forwarded to: Chartis "[o]n behalf of National Union Fire Insurance Company of Pittsburgh, P.A.," and also provided that National Union "reserves all rights and defenses concerning this claim for plan benefits." (Clark's Aff. ¶¶ 2–5 & Exs.) Mrs. Nelson's administrative appeal also was unsuccessful.

Alleging a wrongful denial of benefits under the Policy/Plan, Mrs. Nelson brought this lawsuit in state court. After removal of this action on the basis of federal question jurisdiction, Mrs. Nelson filed an Amended Complaint raising claims under ERISA. In Count One, Mrs. Nelson proceeds on the claim that Defendants wrongfully denied her benefits under the Policy pursuant to ERISA § 502(a)(1)(B).[2] She seeks the "benefits due under the Policy" and "any other equitable relief to which [she] may be entitled," as well as prejudgment interest and attorney's fees. (Am. Compl. ¶ 7 (prayer for relief).) Mrs. Nelson alleges that National Union and/or American General directed Chartis "regarding the processing, administration, review,

---

[2] Section 502 of ERISA is codified at 29 U.S.C. § 1132.

investigation and/or denial of claims generally and/or specifically in relation to the Claim submitted by" Mrs. Nelson.  (Am. Compl. ¶ 24; *see also* Am. Compl. ¶ 29.)

National Union moves for summary judgment on Count One on the ground that it is not a plan administrator.[3]  In support of its motion, National Union submits a declaration from John Dituri, who works in its underwriting department.  Mr. Dituri represents that National Union is a corporate entity separate from American General and Chartis.  According to Mr. Dituri,  National Union issued the policy for the accidental death and dismemberment portion of the Plan, which was effective from January 1, 2011, through July 13, 2011, but that both before and after this seven-and-a-half month time frame, the American General policy was in effect.  Mr. Dituri further represents that when the American General policy replaced the National Union policy on July 13, 2011, the American General policy's effective date "was extended for continuous coverage from January 1, 2004, through December 31, 2011." (Dituri's Decl. ¶ 5 (Doc. # 25-1).)  Mr. Dituri asserts that American General is responsible for the claims denial in this litigation and that "National Union has no discretion, responsibility, or control over the administration of the Plan and no role or insurable interest in the [SCS] Plan or the coverages thereunder." (Dituri's Decl. ¶ 6.)

---

[3] Although the Amended Complaint contains two counts, the court dismissed Count Two upon a defense motion and Mrs. Nelson's consent.  (Order (Doc. # 36).)

6

## IV.  DISCUSSION

National Union contends that it is not subject to suit on Mrs. Nelson's § 502(a)(1)(B) claim because, as set out in Mr. Dituri's declaration, it does not have discretion, responsibility, or control over the Plan's administration.  Mrs. Nelson argues that, based upon the correspondence received from Chartis indicating that Chartis was acting on behalf of National Union, there is a genuine dispute of material fact whether National Union exercised discretion, responsibility, or control over the Plan's administration during the time when her claim was under review.  National Union's evidence focuses on National Union's present involvement under the Plan, while Mrs. Nelson's evidence focuses on National Union's past involvement under the Plan.  The past-present dichotomy is significant, and here is why.

In *Hunt v. Hawthorne Associates, Inc.*, 119 F.3d 888 (11th Cir. 1997), the Eleventh Circuit explained that an action to recover benefits under § 502(a)(1)(B) is "equitable in nature," *id.* at 907, and that an injunctive order to pay benefits "from an ERISA plan must issue against a party capable of providing the relief requested," *id.* at 908.  In the Eleventh Circuit, a plan administrator is a proper defendant under ERISA for the recovery of benefits.  *See Hamilton v. Allen-Bradley Co.*, 244 F.3d 819, 824 (11th Cir. 2001).  However, only a "current plan administrator can pay out benefits" under an ERISA plan.  *Hall v. Lhaco, Inc.*, 140 F.3d 1190, 1196 (8th Cir.

7

1998); *see also Colin v. Marconi Commerce Sys. Emps. Ret. Plan*, 335 F. Supp. 2d 590, 597 (M.D.N.C. 2004) ("[A] party which does not have any control or discretion over a plan is not a proper party to an action for ERISA benefits." (collecting cases)); *see generally Garren v. John Hancock Mut. Life Ins. Co.*, 114 F.3d 186, 187 (11th Cir. 1997) ("The proper party defendant in an action concerning ERISA benefits is the party that *controls* administration of the plan." (emphasis added)).

In *Colin*, a former plan administrator argued that because it had contractually released all control and discretion of the ERISA plan to another entity, it had no authority to pay out benefits under the plan pursuant to § 502(a)(1). *See* 335 F. Supp. 2d at 596–97.  The plaintiffs asserted, like Mrs. Nelson does, that the former plan administrator was a "proper party . . . because it once exercised control over the plan and acted as plan administrator when [their] claims for benefits were denied." *Id.* at 597.  Rejecting the plaintiffs' position, the court specifically relied upon the Eighth Circuit's decision in *Hall*:

> In *Hall*, the Eighth Circuit held that a former employer, which had also formerly provided administrative services to the ERISA plan in question, could not provide redress on a claim for benefits since it no longer had any control over the plan. Although this case involves a former plan administrator, rather than a former employer that provided some administrative services, the same reasoning applies.  Here, even if Plaintiffs are rightfully owed benefits, [the former plan administrator] lacks any authority to provide them.

*Colin*, 335 F. Supp. 2d at 598 (citing *Hall*, 140 F.3d at 1196).  The *Colin* court concluded, "Since [the former plan administrator] currently has no control or discretion regarding Plaintiffs' benefits, it cannot provide redress of Plaintiffs' claims under § 502(a)(1)."  *Id.*

Based upon these decisions and the absence of cited authority to the contrary, a former plan administrator with no present control or discretion over a plan is incapable of providing a plaintiff relief under the plan and, thus, is not a proper defendant on a § 502(a)(1)(B) claim.  Here, the evidence establishes, without dispute, that National Union is no longer associated with the Plan and "has no discretion, responsibility, or control over the administration of the Plan."  (Dituri's Decl. ¶ 6.)  Mrs. Nelson's evidence (*i.e.*, the Chartis letters) establishes, at best, that National Union was a plan administrator at one time and exercised decision-making authority with respect to her claim.  That evidence, taken as true, speaks only to National Union's former role under the Plan.  It is National Union's present role, however, that is determinative of whether it is a proper defendant on the § 502(a)(1)(B) claim.  Since National Union is not currently a plan administrator and has no discretionary authority with respect to the Plan, National Union is not in a position to pay benefits under the Plan should Mrs. Nelson prevail on her claim.[4]  Summary judgment is due to be

---

[4] National Union says that "[t]his is not a situation in which the proper party is attempting to shirk a purported coverage obligation."  (Nat'l Union's Reply ¶ 7 (Doc. # 33).)  Rather, it

entered in National Union's favor on Count One because the undisputed evidence establishes that National Union presently exercises no discretion or control over the Plan.

## V.  CONCLUSION

For the foregoing reasons, it is ORDERED that National Union's motion for summary judgment (Doc. # 25) is GRANTED and that the claim in Count One against National Union is DISMISSED with prejudice.

DONE this 19th day of November, 2013.

_____  /s/ W. Keith Watkins_____
CHIEF UNITED STATES DISTRICT JUDGE

---

points out that "American General and Chartis voluntarily appeared in this action in recognition of the fact that they served as the insurer and claims administrator, respectively, of the Policy." (Nat'l Union's Reply ¶ 7.)  These two Defendants also have filed a joint Answer, and although denying that Mrs. Nelson is entitled to benefits, they admit many of the salient facts.  It does not appear, therefore, that National Union's dismissal will impact adversely Mrs. Nelson's ability to obtain the relief she seeks if she prevails on Count One.